UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-452-JLS (JPRx)            Date: October 9, 2014
Title: Bruce Diep et al. v. Wells Fargo Bank et al.


Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                             Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Docs. 11, 25)**

Before the Court is a Motion to Dismiss filed by Defendant Wells Fargo Bank, N.A. (Docs. 11, 25.) Plaintiffs opposed, and Defendant replied. (Docs. 16, 26, 18.) The Court finds this matter appropriate for disposition without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for October 10, 2014, at 2:30 p.m. is VACATED. For the following reasons, the Court GRANTS the Motion.

**I.  BACKGROUND**

On December 11, 2013, Plaintiffs Bruce Diep and Christie Diep filed a Complaint against Defendant in Orange County Superior Court. (Doc. 1-1, Ex. B.) On February 21, 2014, Plaintiffs filed a First Amended Complaint. (Doc. 1-1, Ex. A.) On March 24, 2014, Defendants removed the case to this Court. (Doc. 1.)

The FAC states the following facts:

Plaintiffs reside at 15672 Butterfield Street in Huntington Beach, California. Plaintiffs obtained a home loan which was securitized. (FAC ¶¶ 2-3.) The securitization of Plaintiffs' loan is governed by a Pooling and Service Agreement. (Id. ¶¶ 6-7.) Subsequent transactions involving the loan's securitization have violated the PSA. (Id. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-452-JLS (JPRx)            Date:  October 9, 2014
Title:  Bruce Diep et al. v. Wells Fargo Bank et al.

14.)  Additionally, as part of the securitization process, the mortgage note became separated from the deed of trust, with the deed of trust being transferred to the Mortgage Electronic Registrations System.[1]  (Id. ¶ 10.)  As a result of these facts, Defendant cannot establish that it legally and properly acquired the note, and Defendant has an imperfect security interest.  (Id. ¶¶ 11-12.)

      Based on the foregoing facts, Plaintiffs assert claims for: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violation of the Truth in Lending Act; (9) violation of RESPA; and (10) rescission.

**II.    LEGAL STANDARD**

      When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as

---

[1] The FAC sometimes, but not always, names MERS as a Defendant.  (*Compare id.*, ¶ 10, *with id.* ¶¶ 20-21.)   However, Plaintiffs do not appear to have served MERS, and the Court construes this as a drafting error, given that certain other corporate entities are named as Defendants in the FAC despite lacking any apparent connection to the case.  (Id. ¶ 25 (Deutsche Bank); ¶ 70 (Washington Mutual)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-452-JLS (JPRx)                                     Date:  October 9, 2014
Title:  Bruce Diep et al. v. Wells Fargo Bank et al.

true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### III.    DISCUSSION

#### A.    Lack of standing

Plaintiffs' first claim alleges that Defendant lacks standing to foreclose.
California courts, however, have squarely held that no such cause of action exists. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (Cal. Ct. App. 2011) (holding that California's nonjudicial foreclosure system is a "comprehensive framework for the regulation of a nonjudicial foreclosure sale" and "[does] not allow for a challenge to the authority of the person initiating the foreclosure"); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 513 (Cal. Ct. App. 2013) (agreeing with the *Gomes* court and noting that permitting this cause of action "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures.").[2]  This

---

[2] The Court recognizes that one California appellate court has distinguished *Gomes* and *Jenkins* and held a "lack of standing" cause of action exists where the plaintiff alleges *specific grounds* for the theory that the foreclosure is not being conducted at the direction of the correct party.  *See Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1099 (Cal. Ct. App. 2013), *reh'g denied* (Aug. 29, 2013). However, this is a distinctly minority position and has been roundly criticized by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-452-JLS (JPRx)            Date: October 9, 2014

Title: Bruce Diep et al. v. Wells Fargo Bank et al.

does not mean, however, that California borrowers who seek to challenge the foreclosing party's standing to do so are without a remedy. Instead, the proper course is to bring an action either to enjoin the trustee's sale or to set the sale aside. *See Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 n.5 (Cal. Ct. App. 2011).

       Accordingly, this claim is DISMISSED WITH PREJUDICE.

### B. Fraud in the Concealment and Fraud in the Inducement

       Next, Plaintiffs assert claims for both fraud in the concealment and fraud in the inducement.

       In the concealment claim, Plaintiffs suggest that Defendants "concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements" and suggest that Plaintiffs would not have entered into the Loans "had the truth been disclosed." (FAC ¶¶ 35-36.) In the inducement claim, Plaintiffs assert that "Defendants . . . intentionally misrepresented to Plaintiffs those Defendants were entitled to exercise the power of sale provision contained in the Deed of Trust." (Id. ¶ 44.)

       Federal Rule of Civil Procedure 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *See, e.g.*, *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."). Here, Plaintiffs do not offer any such details. Plaintiffs fail to plead which Defendants were involved in the alleged fraud, how any statements made by Defendants were false, why Plaintiffs relied on these statements, why

---

numerous other California appellate courts and federal courts considering the issue. *See Mendoza v. JPMorgan Chase Bank, N.A.*, 228 Cal. App. 4th 1020, 1034 (Cal. Ct. App. 2014) (collecting cases and stating that the Court "can find no state or federal cases to support the *Glaski* analysis and will follow the federal lead in rejecting this minority holding").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-452-JLS (JPRx)                                              Date:  October 9, 2014

Title:  Bruce Diep et al. v. Wells Fargo Bank et al.

any such reliance was reasonable, or how they were damaged by any reliance on these statements.

      Accordingly, these claims are DISMISSED WITHOUT PREJUDICE.

      C.     **Intentional Infliction of Emotional Distress**

      Plaintiffs further allege that by foreclosing on them, Defendants intended to – and did – inflict severe emotional distress on Plaintiffs.  (FAC ¶¶ 55-56.)

      To state a claim for intentional infliction of emotional distress Plaintiffs must allege five elements: (1) outrageous conduct by the defendant; (2) intent to cause, or reckless disregard of the possibility of causing, emotional distress; (3) severe emotional suffering; and (4)-(5) actual and proximate causation of the emotional distress.  *Bogard v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 616 (Cal. 1985).

      Plaintiffs have asserted no basis on which to assert that Defendants have no right, title or interest in the Property.  They assert that Defendants attempted to foreclose the Property in order to intentionally inflict emotional distress, but plead no facts to suggest such a plan existed.  (FAC ¶ 56)  Plaintiffs do not contest that they are in default on the loan and thus it is not clear how foreclosure constitutes "extreme" or "outrageous" conduct in this case.  *See Aguinaldo v. Ocwen Loan Servicing*, LLC, 2012 WL 3835080, at *7 (N.D. Cal. Sept. 4, 2012) (holding that "foreclosing on property does not amount to the 'outrageous conduct'"); *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010) (holding that home foreclosure "falls shy of 'outrageous,' however wrenching the effects on the borrower").

      Accordingly, this claim is DISMISSED WITH PREJUDICE.

      D.     **Slander of title**

      Plaintiffs next allege that Defendants "disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing, and recording" of documents including "the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed." (FAC ¶ 63.)

___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-452-JLS (JPRx) | Date: October 9, 2014 |
| Title: Bruce Diep et al. v. Wells Fargo Bank et al. | |

The elements of this tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030 (Cal. Ct. App. 2012). Here, Plaintiffs do not allege that the listed documents contained any false statements, aside from reasserting, without any plausible facts, that "Defendants had no right, title, or interest in the Property." (FAC. ¶ 64). Nor do Plaintiffs allege lack of privilege.

Accordingly, this claim is DISMISSED WITHOUT PREJUDICE.

### E. Quiet title

Plaintiffs next seek to quiet title in the property.[3]

Quiet title claims require that five elements be set out in a verified complaint: (1) a description of the property, both legal description and street address; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the plaintiff's title against the adverse claims. Cal. Civ. Proc. Code § 761.020(a)-(e).

Plaintiffs' quiet title claim fails as a matter of law because they fail to establish "adverse claims" to his title. Defendants cannot hold a claim adverse to Plaintiff's title because a deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177 (E.D. Cal. 2010). Further, Plaintiffs cannot maintain a claim for quiet title unless they pay off their mortgage. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) ("A basic requirement of an action to quiet title is an allegation that plaintiffs are the

---

[3] The Court construes Plaintiffs' claim for quiet title to relate to the property that is the subject of their Complaint. However, in support of this claim, Plaintiffs refer to a $520,000 mortgage loan obtained in 2006 from Washington Mutual, which is not a party to this action. (FAC ¶ 17.) This differs from the loan referenced elsewhere in the Complaint. Nevertheless, the Court construes the FAC as discussing the loan Plaintiffs allege they obtained from Defendant Wells Fargo.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-452-JLS (JPRx)                                    Date:  October 9, 2014
Title:  Bruce Diep et al. v. Wells Fargo Bank et al.

rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.").  Finally, Plaintiffs fail to allege tender.

Accordingly, this claim is DISMISSED WITH PREJUDICE.

**F.     Declaratory Relief**

Plaintiffs next seek declaratory relief that Defendants lack the authority to foreclose upon and sell the property.  (FAC ¶ 80.)

California Code of Civil Procedure section 1060 authorizes "[a]ny person ... who desires a declaration of his or her rights or duties with respect to another . . . in cases of *actual controversy relating to the legal rights and duties of the respective parties,* [to] bring an original action . . . for a declaration of his or her rights and duties . . . ." Cal. Code Civ. Proc. § 1060 (emphasis added).  "The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 79 (Cal. 2002).  The object of Section 1060 "is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *California Ins. Guarantee Assn. v. Superior Court*, 231 Cal. App. 3d 1617, 1624 (Cal. Ct. App. 1991).

Here, Plaintiffs' declaratory relief claim essentially duplicates their "lack of standing" claim.  For the reasons noted above, no actual, present controversy yet exists about Defendants' standing to foreclose on Plaintiffs' property.  Moreover, this claim is duplicative of the "lack of standing" claim because it acts as a "second cause of action for the determination of identical issues." *California Ins. Guarantee Assn.*, 231 Cal. App. 3d at 1624.

Accordingly, this claim is DISMISSED WITH PREJUDICE.

**G.     Violation of the Truth in Lending Act (TILA)**

Plaintiffs next assert that Defendant failed to provide accurate material disclosures under TILA.  (FAC. ¶ 91.)  Specifically, Plaintiffs allege Defendants failed to inform

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-452-JLS (JPRx)            Date: October 9, 2014

Title: Bruce Diep et al. v. Wells Fargo Bank et al.

them of the pros and cons of adjustable rate mortgages in understandable language and advise them of other products that might be more advantageous to them. (Id.)

     Individual actions for damages under TILA must be filed within one year of the date of the occurrence of the alleged violation. 15 U.S.C. § 1640(e). Ordinarily, any failure to disclose necessary information occurs, if at all, at the time the loan documents are signed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

     Plaintiffs do not allege when they obtained their home loan from Defendants, but in their Opposition do not dispute Defendants' assertion that they did so in April 2007. (Mot. at 1.) Plaintiffs filed their initial Complaint on December 11, 2013. Therefore, more than one year passed between the time of the violation and the time Plaintiffs filed the instant lawsuit, and this claim is time-barred.

     Plaintiffs contend that the limitations period should be tolled because defendants failed to "effectively provide the required disclosures and notices" required under TILA. (FAC ¶ 92.) The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 914-15 (9th Cir. 1986). However, when a plaintiff does not allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. *See Meyer*, 342 F.3d at 902-03 (declining to apply equitable tolling to TILA claim where plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged violations).

     Plaintiffs have failed to allege sufficient facts showing they could not have discovered the alleged violations by exercising due diligence, and have possessed the allegedly deficient mortgage documentation since April 2007. Courts in the Ninth Circuit have found equitable tolling inappropriate under similar circumstances. *See Akhavein v. Argent Mortg. Co.*, 2009 WL 2157522, at *3(N.D. Cal. July 18, 2009); *Suguri v. Wells Fargo Bank*, 2009 WL 2486546, at *3 (C.D. Cal. Aug. 7, 2009).

     Accordingly, this claim is DISMISSED WITHOUT PREJUDICE. Plaintiffs are given leave to amend to provide facts sufficient to support tolling the limitations period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-452-JLS (JPRx)                                         Date:  October 9, 2014
Title:  Bruce Diep et al. v. Wells Fargo Bank et al.

### H. Violation of and Real Estate Settlement Procedures Act (RESPA)

Plaintiffs further allege Defendants violated RESPA, 12 U.S.C. § 2601 *et seq.*, because unspecified payments made between them "were misleading and designed to create a windfall."  (FAC ¶ 102.)  Plaintiffs claim the payments violated a two-part test promulgated by the U.S. Department of Housing and Urban Development (HUD) in 1999.  (FAC ¶¶ 99-100.)

RESPA creates a private right of action for three categories of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607; (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608; and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605.  *Deal v. Countrywide Home Loans, Inc.*, C 09-01643 SBA, 2013 WL 3157914, *3 (N.D. Cal. June 20, 2013); *see also Lopez v. Wachovia Mortgage*, 209-CV-01510-JAM-DAD, 2009 WL 4505919, *3 (E.D. Cal. Nov. 20, 2009).  Claims brought under Section 2607 or 2608 are subject to a one-year statute of limitations, while claims brought under Section 2605 are subject to a three-year statute of limitations, each of which begins to run when the violation occurs.  12 U.S.C. § 2614.

Plaintiffs' allegations do not appear to fit within any of these three categories.  Therefore, Plaintiffs fail to allege facts stating a RESPA claim.  Moreover, as noted above, Plaintiffs do not dispute Defendants' assertion that they obtained their home loan from Defendants in April 2007.  As a result, Plaintiffs' RESPA claim is barred by the statute of limitations unless equitable tolling applies.  As with their TILA claim, however, Plaintiffs fail to allege a basis for equitable tolling.  This claim is therefore time-barred.

Accordingly, this claim is DISMISSED WITHOUT PREJUDICE.  Plaintiffs are given leave to amend to provide facts sufficient to support tolling the limitations period.

### I. Rescission

Plaintiffs finally seek rescission of the loan and accompanying loan documents pursuant to TILA and their various state-law claims.  (FAC ¶ 105.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-452-JLS (JPRx)            Date:  October 9, 2014

Title:  Bruce Diep et al. v. Wells Fargo Bank et al.

    Rescission under TILA is subject to a three-year statute of limitations.  15 U.S.C. § 1635(f); *see also McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012).  Because Plaintiffs obtained their loan in 2007 and filed the initial Complaint in 2013, their claim for rescission under TILA is time-barred.

    Plaintiffs alternately seek rescission under various state-law theories including fraud and independent public policy grounds.  (FAC ¶ 105.)  In California, however, actions for rescission of a written contract are subject to a four-year statute of limitations.  Cal. Civ. Proc. Code § 337(3).  As noted above, Plaintiffs do not sufficiently allege tolling.  Rescission is therefore time-barred under Plaintiffs' various state-law theories.

    Accordingly, this claim is DISMISSED WITHOUT PREJUDICE.  Plaintiffs are given leave to amend to provide facts sufficient to support tolling the limitations period.

## IV.   CONCLUSION

    For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  Plaintiffs' claims for lack of standing, intentional infliction of emotional distress, quiet title and declaratory relief are DISMISSED WITH PREJUDICE.  All other claims are DISMISSED WITHOUT PREJUDICE.  Plaintiffs shall file any amended complaint within TWENTY-EIGHT DAYS of this Order.  Failure to do so will result in the immediate dismissal of this case with prejudice.

                                                            Initials of Preparer:  tg